# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Publishing House of the Evangelical Lutheran Church in America, d/b/a Augsburg Fortress Publishers, Beth Lewis, John Rahja, Sandra Middendorf, Evangelical Lutheran Church In America, ("ELCA"), and John or Jane Doe # 1-28,<br><br>    Defendants. | Court File No. 10 cv 1712 (MJD/JSM)<br><br>**PRELIMINARY**<br>**APPROVAL ORDER** |

  Plaintiffs in the above caption action filed an unopposed motion seeking an Order: (1) preliminarily approving the settlement of the action as fair, reasonable and adequate; (2) conditionally certifying a settlement class; (3) appointing the named Plaintiffs and class member Sharon Bristol as Class Representatives; (4) appointing Plaintiffs' counsel as Class Counsel; (5) directing the mailing of notice to the Settlement Class ("Notice"); and (6) scheduling a hearing ("Final Approval Hearing") to consider final approval of the settlement and an anticipated motion for an award of attorneys' fees and reimbursement of expenses. The Court has reviewed and considered Plaintiffs' unopposed motion, the memorandum of law filed in support thereof, the Settlement Agreement, the proposed

Notice, and now finds that sufficient grounds exist for granting Plaintiffs' Motion and entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

### Preliminary Approval of Settlement Agreement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and it is hereby preliminarily approved, subject to further consideration at a Final Approval Hearing. The Court preliminarily finds that the Settlement described by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given.

2. The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement. Any inconsistencies between the Settlement Agreement and the Notice will be controlled by the language of the Settlement Agreement.

### Class Certification

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court hereby finds that the prerequisites for a class action have been met. The Court certifies the following class for settlement purposes only (the "Settlement Class"):

> (i) all persons who were participants in the Plans on March 5, 2010, (ii) if a participant were deceased, the respective participant's beneficiary pursuant to the terms of the Plans as

of March 5, 2010, and (iii) any alternate payee under a qualified domestic relations order who had a separate interest in the Plans as of March 5, 2010. Excluded from the Settlement Class are Defendants, Potential Trustee Defendants, current directors of Augsburg Fortress, and their heirs, successors, and assigns.

In the class definition, "the Plans" refers collectively to the "Retirement Plan for Employees of Augsburg Fortress Publishers, Publishing House of the ELCA" (Plan I) and "Retirement Plan II For Employees of Augsburg Fortress, Publishers, Publishing House of the ELCA" (Plan II).[1]

    4.    The Court finds that certification of the Settlement Class is warranted because:

    (a)    The Settlement Class, which has approximately 480 members, and is geographically dispersed across 30 to 32 of the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy Fed. R. Civ. P. 23(a)(1)'s numerosity requirement;

    (b)    There are sufficient legal and factual issues common to the Settlement Class to meet Fed. R. Civ. P. 23(a)(2)'s commonality requirement, including, but not limited to:

- Whether and which Defendants were fiduciaries;
- Whether Defendants underfunded the Plan;

---

[1] In the Settlement Class definition, "Potential Trustee Defendants" means Michael D. Bash, Linda Brown, Mary L. Butler, Debra Jacobs Buttaggi, Paul Carlson, Linda Chinnia, Annette Citzler, Rev. Beth Marie Halvorsen, Richard P. Klau, Fred Korge, Rosemary Ohles, Prof. Winston Persaud, Rev. Jan A. Ruud, Rev. Marty A. Stevens, Ph. D., Martha Ellen Stortz, Ph. D., Rev. Scott Suskovic, Janet Thompson, Steven E. Titus, Ph.D., and Rev. Kwanza Yu.

- What Defendants' consultants told them about the Plan's funding status;

- Whether Defendants sought information reasonably sufficient to decide what to do about that funding status;

- Whether Defendants' funding decisions were reasonable;

- Whether Defendants formed contracts or made enforceable promises to Class members; and,

- Whether there are sufficient facts to pierce the corporate veil.

(c) Plaintiffs' and the Settlement Class' claims arise out of the same alleged fiduciary misconduct and are based on the same legal theories, and therefore satisfy Fed. R. Civ. P. 23(a)(3)'s typicality requirement.

(d) Plaintiffs Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley, and proposed Class Representative Sharon Bristol, have retained experienced counsel and do not have interests antagonistic to those of the Settlement Class. The proposed Class Representatives will fairly and adequately represent the Settlement Class and protect its interests.

(e) Common issues, including those noted above, predominate over any individual issues affecting the members of the Settlement Class.

(f) The Court finds that settlement of this Action on a class basis is superior to other means of adjudicating this matter.

**Appointment Of Class Representatives And Counsel**

5. Plaintiffs Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K.

Stanley, and proposed Class Representative Sharon Bristol will serve as Class Representatives ("Class Representatives") on behalf of the Settlement Class.

6. Lockridge Grindal Nauen P.L.L.P. and Keller Rohrback, L.L.P. are appointed as Class Counsel ("Class Counsel") pursuant to Fed. R. Civ. P. 23(g).

**Class Notice**

7. The Court approves the notice plan described in the Settlement Agreement. Notice, including without limitation, notice of the rights of Settlement Class members to object to participation in the Settlement shall be given by issuance of notice consistent with the terms of the Settlement Agreement.

8. Notice to members of the Class, except statutory notice to State Attorneys General required to be given by Defendants pursuant to 28 U.S.C. § 1715, shall be the responsibility of Class Counsel.

9. Class Counsel shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, no later than eighty-one (81) days before the Final Approval Hearing, to all Settlement Class members at the address of each as stated in the records of Augsburg Fortress, or who otherwise can be identified through reasonable efforts. Augsburg Fortress will provide the names and last known addresses of all Settlement Class members to Class Counsel. At or before the Final Approval Hearing, Class Counsel will file with the Court proof of distribution of the Notice.

10. The reasonable costs of notification to Settlement Class members, including printing and mailing of all required notices, shall be paid out of the Settlement Amount.

11. The Court approves the form and substance of the Notice, and finds that the procedures established for mailing and distribution of such Notice substantially in the form attached hereto as Exhibit 1 constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Federal Rule of Civil Procedure 23. In particular, such notice is due and sufficient notice of the Settlement and the Final Approval Hearing to the Settlement Class and all persons entitled to receive such notices as potential members of the Settlement Class.

## Final Approval Hearing

12. Pursuant to Federal Rule of Civil Procedure 23, the Court has scheduled a Final Approval Hearing to take place on April 5, 2013, at 9:30 a.m. in Courtroom 15E, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, to determine whether the proposed Settlement is fair, reasonable, and adequate, to consider any objections to the Settlement by members of the Settlement Class, and to consider an award of reasonable attorneys' fees and expenses and an incentive award to the Class Representatives, and any objections thereto.

13. At least fourteen (14) days before the Final Approval Hearing, the Plaintiffs shall file a motion requesting that the Court grant final approval of the Settlement embodied in the Settlement Agreement and that the Court enter a Final Order and Judgment consistent with the terms of the Settlement Agreement, in substantially the form contemplated by the Settlement Agreement. At that time, Class Counsel may also file a petition for an award of attorneys' fees, reimbursement of expenses, and incentive awards for Class Representatives.

14. On or before 7 days before the Final Approval Hearing, Class Representatives and Defendants may file memoranda of law responding to any objections made by members of the Settlement Class and properly filed with the Court.

**Exclusion Rights And Procedure**

15. A potential member of the Settlement Class may exclude themselves (or "opt out") of the Settlement Class. To exercise this opt out right, the potential Settlement Class member must send written notification of the decision to request exclusion that provides the following information. A request for exclusion must be in writing, and state:

(a) the name, address, and telephone number of the person seeking exclusion;

(b) the name of the Action (*Judith Thorkelson, et al. v. Publishing House of the Evangelical Lutheran Church in America, d/b/a Augsburg Fortress Publishers, et al.*, No. 10cv1712 (MJD/JSM), (D. Minn.)); and

(c) a signed and dated statement that "I hereby request that I be excluded from the proposed settlement with the Defendants in *Judith Thorkelson, et al. v. Publishing House of the Evangelical Lutheran Church in America, d/b/a Augsburg Fortress Publishers*, et al., No. 10cv1712 (MJD/JSM) (D. Minn.)."

16. The request must be mailed to Class Counsel at the following address provided in the Class Notice:

> Sherri L. Juell
> Lockridge Grindal Nauen P.L.L.P.
> 100 Washington Ave. S., Suite 2200

Minneapolis, MN 55401-2179

17. The request for exclusion must be postmarked no later than twenty-one (21) days prior to the date set for the hearing on the motion for Final Approval or any other date set by the Court. A request for exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Class Notice, or that is not sent within the time specified, shall be invalid, and the person serving such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement Agreement and any resulting Final Order And Judgment.

18. Except for those potential members of the Settlement Class who file a timely and proper opt-out notice, all others will be deemed members of the Settlement Class for all purposes under the Settlement Agreement. All members of the Settlement Class shall be bound by the Settlement Agreement and by all subsequent proceedings, orders, and judgments in this Action. No Settlement Class member who elects to opt out of the Settlement Class pursuant to these provisions will be entitled to relief under or be affected by the Settlement Agreement.

19. Potential Settlement Class members who have elected to opt out of the Settlement Class may withdraw their opt-out notice for good cause and re-enter the Settlement Class at the time of distribution of the Settlement Fund, with the same rights and obligations under this Order as the Settlement Class members.

20. Defendants shall have no right to reversion in the event that Settlement Class members request exclusion from the Settlement Class, unless Defendants exercise their

right to terminate the Settlement Agreement.

## Objections To Settlement

21. Any Settlement Class member who wishes to object to the fairness, reasonableness or adequacy of the Settlement must file with the Clerk of the Court and serve all counsel, no later than twenty-one (21) days before the hearing on the Motion for Final Approval, notice of his or her intent to object. To object, the Settlement Class member must file a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support that the Settlement Class member wishes to bring to the Court's attention and any evidence the Settlement Class member wishes to introduce in support of the objection. Settlement Class members may so act either on their own or through any attorney hired at their own expense.

(a) The notice of such an objection (and any appearance or other filing) must be served on all counsel at the following addresses:

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
| --- | --- |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401-2179<br>Telephone: 612-339-6900<br>Facsimile: 612-339-0981<br>Attn: Karen Hanson Riebel | FAEGRE BAKER DANIELS LLP<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>Attn: Charles F. Knapp<br><br>FELHABER, LARSON, FENLON & VOGT, P.A.<br>220 South Sixth Street, Suite 2200<br>Minneapolis, MN 55402-4504<br>Attn: Ruth S. Marcott<br><br>WALDECK LAW FIRM, P.A.<br>1400 TCF Tower<br>121 South Eighth Street<br>Minneapolis, MN 55402-2841 |

|  | Attn: Timothy W. Waldeck |
|---|---|

(b) Any such objection (and any appearance or other filing) must also be filed with the Clerk of the United States District Court for the District of Minnesota at the following address:

> Clerk of Court
> United States District Court for the District of Minnesota
> 300 South Fourth Street
> Minneapolis, MN  55411.

(c) If a Settlement Class member hires an attorney to represent him or her (at his or her own cost and expense), the attorney must:

(i) File a notice of appearance with the Clerk of Court no later than twenty-one (21) days prior to the hearing on the Motion for Final Approval or as the Court may otherwise direct, and

(ii) Serve a copy of such notice of appearance on all counsel for the Parties.

(d) Any Settlement Class member who files and serves a written objection, as described herein, may appear at the hearing on the Motion for Final Approval of the Settlement to object to any aspect of the fairness, reasonableness or adequacy of the Settlement.  Subject to the Court's discretion, any Settlement Class member (or attorney) who fails to comply with the provisions of this paragraph shall waive and forfeit any and all rights the Settlement Class member may have to appear

separately and/or to object, and shall be bound by all the terms of the Settlement and by all proceedings, orders and judgments in the Action.

(e) The filing of an objection pursuant to this Paragraph does not constitute the filing of a request for exclusion from the Settlement Class pursuant to Paragraph 15 above.

## CONCLUSION

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Date: November 30, 2012

                                                s/ Michael J. Davis
                                                Honorable Michael J. Davis
                                                Chief Judge
                                                United States District Court