## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>Publishing House of the Evangelical Lutheran Church in America, d/b/a Augsburg Fortress Publishers, Beth Lewis, John Rahja, Sandra Middendorf, Evangelical Lutheran Church In America, ("ELCA"), and John or Jane Doe # 1-28,<br><br>       Defendants. | Court File No. 10 cv 1712 (MJD/JSM)<br><br><br>**FINAL APPROVAL ORDER** |

On April 5, 2013, the undersigned United States District Judge heard oral argument on Plaintiffs' unopposed Motion For Final Approval Of Class Action Settlement, Fees, Costs, And Incentive Awards [Dkt. No. 146 ("Motion For Final Approval") and supporting documents [Dkt. Nos. 147-152]. Plaintiffs Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley ("Plaintiffs") have brought an unopposed Motion For Final Approval Of Class Action Settlement, Fees, Costs, And Incentive Awards. The motion seeks an order that: (1) finally approves the $4.5 million Settlement with Defendants Publishing House of the Evangelical Lutheran Church in America, d/b/a Augsburg Fortress Publishers ("Augsburg Fortress"), Beth Lewis, John

Rahja, Sandra Middendorf, and Evangelical Lutheran Church in America, ("ELCA") (collectively, "Defendants"), as final, fair, reasonable, adequate, and binding on Class Members and finally approves the Settlement Class; (2) approves payment of attorney's fees and costs to Class Counsel in the amounts of $900,000 in attorneys' fees and $159,323.34 as reimbursement for reasonable expenses incurred during the litigation of this matter; (3) approves payment of four Incentive Awards in the amount of $5,000 to Class Representatives Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley, and payment of an Incentive Award in the amount of $2,500 to Class Representative Sharon Bristol; (4) authorizes the distribution of Settlement Benefits to Class Members and *cy pres* distribution of any unclaimed Settlement Funds to Lutheran Social Services of Minnesota ("LSS"); and (5) enters a Final Order dismissing claims related to the action subject to the obligations of the Settlement Agreement, but retains jurisdiction over the enforcement of the Settlement Agreement, the Court's Order, and distribution of the Settlement Benefits to Class Members.

Based on the briefs, affidavits, and other materials submitted by the Plaintiffs, the oral arguments presented at the final approval hearing, and the record as a whole, the Motion For Final Approval is GRANTED.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and all Defendants.

2.      Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement or Preliminary Approval Order.

3.     The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide the Settlement Class with notice of the Settlement, the Final Approval Hearing, and related matters.  The notice program included individual notice via First Class U.S. Mail to members of the Settlement Class who could be identified through reasonable efforts.  Proof that mailing conformed to the Preliminary Approval Order has been filed with the Court.

4.     Class Counsel mailed Notice Of Class Action, Proposed Settlement, Hearing On Motion For Final Approval, And Motion For Attorney's Fees And Reimbursement Of Litigation Expenses ("Class Notice").  A copy of the Class Notice was filed with the Court as Exhibit 1 to the Affidavit Of Carey Johnson Concerning Mailing Of Notice.

5.     The Class Notice mailed to the Settlement Class clearly stated the nature of the action; the Class definition; the claims and defense in the lawsuit; that a Class member may appear through counsel or opt out, and the procedure for doing so; and the binding effect of the class judgment on Class Members.  The Class Notice clearly stated the date, time, and place of the Final Approval Hearing.

6.     Counsel for Augsburg Fortress and ELCA provided notice to the Attorney General of the United States, and to the Attorneys General of the States of Arizona, California, Colorado, the District of Columbia, Delaware, Florida, Georgia, Iowa, Idaho, Illinois, Indiana, Kansas, Louisiana, Michigan, Minnesota, Missouri, North Carolina, North Dakota, Nebraska, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Utah, Virginia, Washington,

and Wisconsin on November 19, 2012 ("CAFA Notice"). They updated the notice on December 21, 2012. The CAFA Notice provided due notice of the Final Approval Hearing, the proposed Class Notice, the Settlement Agreement, and information about Class Members residing in each State.

7. The Class Notice, Class Counsel's follow-up work, and the CAFA Notice fully complied with Fed. R. Civ. P. 23, satisfied the requirements of 28 U.S.C. § 1715 and due process, constitute the best notice practicable under the circumstances, and constitute due and adequate notice to the Class of the Settlement, Final Approval Hearing, and the other matters referred to in the Notices. Class Counsel filed a copy of the Settlement Agreement with the Court on November 9, 2012 (Dkt. No. 137-1) (Exhibit 1 to Declaration Of Craig S. Davis In Support Of Preliminary Approval Of Settlement, Conditional Certification Of Settlement Class, Approval Of Settlement Class Notice, And Setting Final Approval Hearing (Dkt. No. 137)).

8. The Settlement was obtained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations that were undertaken in good faith by counsel with significant experience in litigating class actions, in cooperation with a respected mediator, Hon. Richard Solum (retired).

9. Class Counsel have represented to the Court that they believe the Settlement to be fair, reasonable, and adequate.

10. One Settlement Class Member has timely requested exclusion from the Settlement Class.

11. No members of the Settlement Class have filed objections.

12.     The Court grants final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e) as final, fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and other applicable law.  The Settlement is binding on all members of the Settlement Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the Litigation, the Class's reaction to the Settlement, and the result achieved.  Accordingly, the Settlement Agreement should be implemented in accordance with its terms, and the Parties are directed to do so.

13.     The Court conditionally certified the Settlement Class in its Preliminary Approval Order dated November 30, 2012 (Dkt. No. 144).

14.     The Settlement Class conditionally certified by the Court's Preliminary Approval Order is comprised of:

> (i) all persons who were participants in the Plans on March 5, 2010, (ii) if a participant were deceased, the respective participant's beneficiary pursuant to the terms of the Plans as of  March 5, 2010, and (iii) any alternate payee under a qualified domestic relations order who had a separate interest in the Plans as of March 5, 2010.  Excluded from the Settlement Class are Defendants, Potential Trustee Defendants, current directors of Augsburg Fortress, and their heirs, successors, and assigns.

In the class definition, "the Plans" refers collectively to the "Retirement Plan for Employees of Augsburg Fortress Publishers, Publishing House of the ELCA" (Plan I)

and "Retirement Plan II For Employees of Augsburg Fortress, Publishers, Publishing House of the ELCA" (Plan II).[1]

15.     As the Court found in the Preliminary Approval Order, certification as a class action is warranted, since this case meets the requirements of Fed. R. Civ. P. 23(a) and (b).  The Class meets Fed. R. Civ. P. 23 (a) and (b)'s criteria because:  (1) the Class is sufficiently numerous and joinder is sufficiently impracticable to satisfy Fed. R. Civ. P. 23(a)(1)'s numerosity requirement; (2) the case has sufficient common legal and factual issues to satisfy Fed. R. Civ. P. 23(a)(2)'s commonality requirement; (3) Plaintiffs' and the Settlement Class' claims arise out of the same alleged fiduciary misconduct and the same legal theories, satisfying Fed. R. Civ. P. 23(a)(3)'s typicality requirement; (4) the proposed Class Representatives will fairly and adequately represent the Settlement Class and protect its interests (as required by Fed. R. Civ. P. 23(a)(4)); and (5) common issues predominate over any individual issues affecting Class Members, and settlement on a class basis is superior to other means of adjudicating the dispute (within the meaning of Fed. R. Civ. P. 23(b)(3)).  The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.  Accordingly, the Court confirms the certification of this Settlement Class.

---

[1]  In the Settlement Class definition, "Potential Trustee Defendants" means Michael D. Bash, Linda Brown, Mary L. Butler, Debra Jacobs Buttaggi, Paul Carlson, Linda Chinnia, Annette Citzler, Rev. Beth Marie Halvorsen, Richard P. Klau, Fred Korge, Rosemary Ohles, Prof. Winston Persaud, Rev. Jan A. Ruud, Rev. Marty A. Stevens, Ph. D., Martha Ellen Stortz, Ph. D., Rev. Scott Suskovic, Janet Thompson, Steven E. Titus, Ph.D., and Rev. Kwanza Yu.

16.     Class Notice was directed to prospective Class Members described in the Settlement Class.  Such persons, other than the one person who excluded herself are included in the Settlement Class, and are bound by this Order and Final Judgment.

17.     The Settlement Fund established by Defendants' payment of four million, five hundred thousand dollars ($4,500,000) as the Settlement Amount ("Settlement Fund"), plus any accrued interest thereon, is approved.

18.     The Court approves and awards $900,000 to Class Counsel for Attorney's Fees and $159,323.34 as reimbursement of litigation expenses advanced by Class Counsel.  Class Counsel's request for fees is reasonable in light of the  significant time and expense Class Counsel invested in this litigation, and the risk faced by Class Counsel in litigating this action because of the vigorously contested allegations and complex issues of fact and law.

19.     The Court approves and awards Incentive Awards of $5,000 each to Class Representatives Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley, and $2,500 to Class Representatives Sharon Bristol, in recognition of the efforts of the Class Representatives to gather and communicate information to counsel and act as the public face of the litigation.  The Class Representatives assisted with the investigation and preparation of the suit, gathered documents for production, attended mediation sessions, and assisted Class Counsel.  The named Plaintiffs, Judith Thorkelson, Karen Walhof, Gayle Aldrich, and Jean K. Stanley gave depositions.  The Class Representatives stayed current with the case and have performed a valuable service to Class Members.

The requested payments are reasonable. No Class member has objected to the proposed awards.

20.     The Court approves Class Counsel's designation of Lutheran Social Services of Minnesota ("LSS") as the recipient of any *cy pres* distribution of Settlement Funds should such distribution be necessary. Pursuant to this Order, Class Counsel may make a *cy pres* award of any unclaimed Settlement Funds to LSS in accordance with the terms set forth in the Settlement Agreement without any further motion to the Court. Class Counsel shall keep the Court and Defendants appraised of their efforts in distributing the Settlement Funds, and any challenges involving the distribution of Settlement Funds shall be brought to the Court's attention. If any *cy pres* award is made, Class Counsel shall inform the Court and Defendants by letter when the distribution is made.

21.     The Terms of Allocation described in the Settlement Agreement, and in the Declaration Of Jack Cross Concerning Terms Of Allocation, is hereby approved.

22.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

23.     Subject to the terms of this Order (and its awards of Incentive Payments, and of Attorneys' Fees and Costs to Class Counsel), and the terms of the Settlement Agreement, the Action, and all Released Claims are hereby dismissed with prejudice and without costs, as specified in the Settlement Agreement.

24.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over:  (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; and (c) the distribution of the Settlement Benefit to the Class Members.

25.     The Motion For Final Approval Of Class Action Settlement, Fees, Costs, And Incentive Awards is GRANTED.

26.     Pursuant to Fed. R. Civ. P. 54, the Court finds there is no just reason for delay and directs the entry of judgment.

**IT IS SO ORDERED.**


Date:   April 5, 2013

                                    s/ Michael J. Davis
                                    Honorable Michael J. Davis
                                    Chief Judge
                                    U.S. District Court
                                    District of Minnesota